**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **GLORIA GLAZIER,** )<br>)<br>**Plaintiff,** )<br>**v.** )<br>)<br>**STUART FOX,** )<br>)<br>**Defendant.** )<br>) | Civil Action No. 2014-106 |

**Attorneys:**
**Vincent A. Colianni, II, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Andrew C. Simpson, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Stuart Fox's "Objections to Plaintiff's Witnesses" (Dkt. No. 47), filed on January 18, 2016, in which he objected to a witness listed on Plaintiff Gloria Glazier's witness list—Emily Cooper—on the grounds that she was not properly disclosed as a witness. On January 25, 2015, Plaintiff filed her "Response to Defendant Stuart Fox's Motion to Exclude Emily Cooper" (Dkt. No. 56), which was followed on February 1, 2016, with Defendant's "Reply to Plaintiff's Response to Defendant's Objection to Undisclosed Witness Emily Cooper" (Dkt. No. 58). For the reasons discussed below, the Court will overrule Defendant's Objection and permit additional discovery by Defendant.

## I.     BACKGROUND

The Complaint in this matter was filed in the Superior Court of the Virgin Islands on November 14, 2014, before being removed to this Court on December 12, 2014. (Dkt. No. 1 at 1). In her Complaint, Plaintiff alleges that Defendant sexually assaulted her at the conclusion of a dinner party. (*Id.*, Exh. 1 at 1-2). Defendant asserts that Plaintiff aggressively kissed him while she was leaving the dinner party, but that he never sexually assaulted her. (Dkt. No. 52 at 3). Several witnesses were present at the dinner party and allegedly saw the interaction between Plaintiff and Defendant, but they have differing accounts as to what occurred. (*Id.*).

One of Plaintiff's proposed witnesses, Emily Cooper, was not present at the dinner party, but purportedly overheard a conversation between Defendant and one of his witnesses (Francis Woelfel) that allegedly took place on the beach at the Buccaneer Hotel. (Dkt. No. 56 at 2). According to Plaintiff, Ms. Cooper overheard Defendant making statements during the conversation that support Plaintiff's version of the facts. (*Id.*). At some point, an unnamed friend of Ms. Cooper—who turned out to be a client of Plaintiff's counsel—allegedly used her iPhone to photograph Defendant and Mr. Woelfel, and eventually mentioned the conversation that Ms. Cooper overheard to Plaintiff's counsel. (*Id.* at 2-3).

Defendant argues that Ms. Cooper's testimony should be excluded because Plaintiff failed both to timely disclose Ms. Cooper as a factual witness and to provide a sufficient description of her testimony. Defendant notes that Plaintiff first identified Ms. Cooper as a witness on August 10, 2015—the last day of factual discovery.[1] (Dkt. No. 47 at 1). Given that Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires early disclosure of witnesses, Defendant asserts that "[w]aiting

---

[1] The Court's Scheduling Order entered April 14, 2015, states that "[a]ll factual discovery, including written discovery and fact witness depositions, shall be completed by **August 10, 2015**." (Dkt. No. 19 (emphasis in original)).

until the last day of factual discovery to disclose a witness is the antithesis of early disclosure." (*Id.*). Defendant further argues that the identification of Ms. Cooper as a witness violates Federal Rule of Civil Procedure 26(e)(1)(A) (regarding supplemental disclosures) because "Plaintiff has not shown that there was any reason to delay the supplementation of this witness until the last day of discovery." (*Id.* at 2). Regarding the sufficiency of the description of Ms. Cooper's testimony, Defendant contends that Plaintiff describes Ms. Cooper's testimony as relating to a conversation that "involved the facts of the case," and that this description is too general to satisfy the dictates of Rule 26(a)(1)(A)(i). (*Id.*).[2] Defendant concludes that because Plaintiff cannot establish that her failure to comply with the applicable rules was "substantially justified" or "harmless" under Federal Rule of Civil Procedure 37(c)(1), Ms. Cooper should not be allowed to testify. (*Id.*)

In her Response, Plaintiff argues that Ms. Cooper—who is described as a "critical witness" (Dkt No. 56 at 6)—was properly and timely disclosed pursuant to Rule 26(e) because Plaintiff's counsel "disclosed Emily Cooper as a witness shortly after learning that she possessed relevant information." (*Id.* at 4). In the alternative, Plaintiff argues that even if Ms. Cooper's disclosure was untimely, her testimony should not be excluded because such an "extreme sanction" is not warranted under the circumstances here. (*Id.* at 5). Specifically, Plaintiff notes that consideration of the relevant factors reveals that: Defendant is not prejudiced because Ms. Cooper was disclosed over five months ago; Defendant has had (and still has) ample time to depose Ms. Cooper before the March 7, 2016 trial date; allowing Ms. Cooper to testify will not disrupt or delay the trial; and there was no bad faith or willfulness. (*Id.* at 5-6).

---

[2] The description was as follows: "Cooper will testify about a discussion she heard on the Buccaneer beach in 2015 between Stuart Fox and several other people. The discussion involved the facts of this case." (Dkt. No. 53, Exh. 3 at 1).

3

In his Reply, Defendant asserts that Ms. Cooper's untimely disclosure together with the insufficient description of her testimony is "highly prejudicial" to Defendant because "[i]t is not possible to engage in the necessary discovery now and maintain the trial date in this case," and a prompt trial is essential in view of Defendant's advanced age of 93 years. (Dkt. No. 58 at 4). Defendant argues that Plaintiff offers "absolutely no supporting evidence" as to why Ms. Cooper was not disclosed earlier. (Dkt. No. 58 at 1). Defendant further argues that Plaintiff's description of Ms. Cooper's testimony amounts to "discovery gamesmanship" in that "[P]laintiff gave no disclosure—until [Defendant's] objection was filed—that this witness had knowledge that would justify going to the expense of taking such a deposition." (*Id.* at 3). Finally, Defendant casts doubt on the credibility of Ms. Cooper's proposed testimony, denying that the conversation Ms. Cooper overheard ever took place and alleging that the conversation was a "staged setup." (*Id.*).

## II.   DISCUSSION

Under Rule 26 of the Federal Rules of Civil Procedure, a litigant must disclose to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . . ." Fed. R. Civ. P. 26(a)(1)(C).

A party must also supplement or correct its disclosures either (a) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," or (b) "as ordered by the court." Fed. R. Civ. P. 26(e).

4

As a general rule, when courts order all factual discovery, including fact witness depositions, to be completed by a certain date, supplemental disclosure of witnesses after that date is untimely. *See Fitz v. Islands Mech. Contractor, Inc.*, No. 2008-060, 2013 WL 1319649, at *2 (D.V.I. Apr. 1, 2013); *Gautier-James v. Hovensa, L.L.C.*, Civ. No. 2006–106, 2011 WL 4500153 at *4 (D.V.I. Sept. 27, 2011) (collecting cases).

When a party fails to properly provide information or identify a witness as required by Rule 26, that witness' testimony shall be excluded "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether a discovery violation warrants excluding the associated evidence, courts in the Third Circuit consider the following factors, sometimes referred to as the *Pennypack* factors:

> (1) "the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified" or the excluded evidence would have been offered; (2) "the ability of that party to cure the prejudice"; (3) the extent to which allowing such witnesses or evidence would "disrupt the orderly and efficient trial of the case or of other cases in the court"; (4) any "bad faith or willfulness in failing to comply with the court's order"; and (5) the importance of the excluded evidence.

*See ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)). "[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791 (3d Cir. 1994) (quoting *Meyers*, 559 F.2d at 905) (brackets and quotations omitted).

Plaintiff disclosed Ms. Cooper as a fact witness on August 10, 2015—the deadline, pursuant to the Court's Scheduling Order, for completion of "[a]ll factual discovery, including written discovery and fact witness depositions." (Dkt. No. 19). Clearly, the timing of Ms. Cooper's disclosure made it impossible for Defendant to depose Ms. Cooper and conduct any other related

discovery within the Court-ordered deadline. Also of concern is the seemingly inadequate description of Ms. Cooper's testimony provided by Plaintiff in his August 10, 2015 supplemental disclosure. Notwithstanding these concerns for which Plaintiff bears responsibility, an examination of the *Pennypack* factors shows that exclusion of Ms. Cooper's testimony is unwarranted under Rule 37.[3]

First, any prejudice or surprise that Defendant may claim is inconsequential. Plaintiff disclosed Ms. Cooper on August 10, 2015—almost seven months before the March 7, 2016, trial date. (Dkt. No. 53, Exh. 3 at 2). Since Ms. Cooper's disclosure, Defendant has had more than ample time to contact Plaintiff regarding any perceived deficiencies in the disclosure and to seek leave from the Court to conduct additional discovery beyond the Court-ordered deadline— including to depose Ms. Cooper regarding the "facts of [the] case" to which she allegedly was privy. However, Defendant apparently failed to take any steps to cure any prejudice or surprise that the belated disclosure of Ms. Cooper and the insufficient description purportedly caused.

Compared to other facts the Third Circuit has examined, the facts here leave no doubt that exclusion is unwarranted. Specifically, in *Meyers v. Pennypack Woods Home Ownership Association*, the Third Circuit held that the trial court abused its discretion by excluding the testimony of two witnesses that the plaintiff disclosed approximately three weeks before trial. 559 F.2d at 905. The Third Circuit reasoned that, even though the plaintiff untimely disclosed the witnesses, the defendant made no attempt to initiate further discovery: "[defendant] made no effort to depose or serve interrogatories on the new witnesses or even to request [plaintiff's] counsel to

---

[3] Because the Court ultimately concludes that exclusion of Ms. Cooper's testimony is unwarranted, the Court need not pursue further the timeliness and adequacy of description issues. Although the Court will not exclude Ms. Cooper's testimony, Plaintiff's counsel is reminded of his obligation to ensure strict compliance with the applicable rules and the Court's orders.

furnish additional information or written statements of the proposed testimony. We believe that in these circumstances [defendant] had some obligation to take steps to minimize its alleged prejudice and surprise." *Id.*

Significantly more than the defendant's three weeks in *Meyers*, Defendant Stuart Fox had *several months* to take remedial steps to minimize any alleged prejudice or surprise. Moreover, on January 25, 2016, when Plaintiff filed her Response to Defendant's Objections (more than five weeks before trial), Plaintiff provided specific details about the conversation that Ms. Cooper overheard.

Defendant argues in his Reply that, prior to Plaintiff's Response to Defendant's Objections, Plaintiff disclosed no information that would "justify going to the expense" of deposing Ms. Cooper, and that it is now impossible to engage in the necessary discovery and maintain the trial date. The Court disagrees. The August 2015 disclosure of Ms. Cooper, at the very least, alerted Defendant to a witness who may have heard Defendant engaged in conversation with others about the facts of the case. If Defendant actually believed that this was insufficient to justify the expense of a deposition—notwithstanding the alleged involvement of Defendant in a conversation about the facts of the case—it was at least sufficient to warrant further inquiry.[4] However, Defendant apparently never asked Plaintiff to provide additional information regarding the scope of Ms. Cooper's knowledge in order to make a more informed decision about whether a deposition was warranted.

---

[4] Given that Plaintiff's August 10, 2015 disclosure notified Defendant that Ms. Cooper overheard Defendant discussing the facts of the case, Defendant cannot now argue that he was justifiably surprised when he later learned that Ms. Cooper allegedly heard Defendant make statements that support Plaintiff's case.

7

Moreover, contrary to Defendant's contention, allowing Defendant to conduct *reasonable* discovery while maintaining the current trial date is not impossible. Even as of the date of this Opinion, Defendant still has over one month to conduct reasonable discovery pertinent to Ms. Cooper's proffered testimony without disrupting the trial of this case.[5] Indeed, the Court—by its Order—will specifically grant Defendant leave to conduct such discovery within the time remaining before the March 7 trial. Accordingly, the Court finds that the first three *Pennypack* factors—1) prejudice to Defendant, 2) ability to cure the prejudice, and 3) degree of disruption of an orderly trial—do not support exclusion.[6]

The Court's conclusion regarding the fourth *Pennypack* factor—willfulness or bad faith—is indeterminate. On the one hand, Plaintiff has failed to provide the precise facts necessary to evaluate the circumstances surrounding the belated disclosure of Ms. Cooper. Although Plaintiff's counsel asserts that there "was no attempt to conceal [Ms.] Cooper or to use her as a surprise witness" (Dkt. No. 56 at 1), Plaintiff's counsel conspicuously avoids disclosing exactly when he learned of Ms. Cooper's relevant knowledge (*id*. at 1, 3-4 (stating that: Ms. Cooper overheard the conversation in January 2015, and "[m]onths later" the overheard conversation was mentioned to Plaintiff's counsel; Plaintiff's counsel disclosed Ms. Cooper "shortly after learning" that she possessed relevant information)). On the other hand, even assuming that there was a delay by

---

[5] In his Reply, Defendant lists several discovery tasks that he allegedly "needs to" complete now that he knows the true nature of Ms. Cooper's proposed testimony. (Dkt. No. 58 at 3-4). At this juncture, the Court will leave for resolution by the parties the decision as to what discovery is necessary and reasonable. However, the parties are advised that any additional discovery must be completed by March 6, 2016; the Court's Order does not authorize the deposition of Plaintiff's counsel; and the trial in this matter will commence on March 7, 2016, as scheduled.

[6] The Court notes that Defendant's assertions that the conversation Ms. Cooper overheard was a "staged setup," go to the veracity of Ms. Cooper's testimony, and as such are more appropriately explored through discovery and developed through appropriate examination at trial.

8

Plaintiff in disclosing Ms. Cooper, there is nothing to suggest that such delay would rise to the level of willfulness or bad faith. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d at 793 (noting that "'[l]ack of diligence' does not constitute bad faith."). This is especially so given that Ms. Cooper was disclosed almost seven months before the start of trial, and there are no allegations that Plaintiff impeded Defendant from learning more about the scope of Ms. Cooper's knowledge. Accordingly, the Court concludes that this fourth *Pennypack* factor is neutral—it does not weigh either in favor or against exclusion of Ms. Cooper's testimony.

Upon examining the fifth *Pennypack* factor (the importance of the challenged evidence), the Court finds that the importance of Ms. Cooper's testimony appears to be high. Plaintiff asserts that Ms. Cooper has no connection or bias to either Plaintiff or Defendant and can testify that she overheard Defendant contradict the testimony he plans to present at trial. (Dkt. No. 56 at 2). Based on Plaintiff's assertions, it appears that Ms. Cooper's testimony could serve an important role in the case. Thus, the Court finds that this last *Pennypack* factor does not support exclusion.

### III.  CONCLUSION

After considering all five *Pennypack* factors, the Court finds that—even if the disclosure of Ms. Cooper was untimely and lacked a sufficient description of her testimony—exclusion of the testimony is not warranted under Rule 37. Accordingly, the Court will not impose the "extreme sanction" of excluding Ms. Cooper's testimony. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d at 791. However, to address the belatedness of Plaintiff's disclosure, the Court will allow Defendant to conduct discovery regarding Ms. Cooper's testimony.

Accordingly, it is hereby

**ORDERED** that Defendant's "Objections to Plaintiff's Witnesses" are **OVERRULED**; and it is further

**ORDERED** that Defendant shall have from the date of this Order up to and including March 6, 2016, within which to depose Emily Cooper and/or otherwise conduct reasonable discovery pertinent to her proffered testimony; and it is further

**ORDERED** that notwithstanding the above, Defendant is not authorized to depose Plaintiff's counsel without further explanation, with supporting factual and legal authority, as to why such a deposition is necessary and appropriate; and it is further

**ORDERED** that Plaintiff and her counsel shall take all reasonable steps to cooperate with Defendant and his counsel in making Ms. Cooper and the individuals connected to her testimony available for deposition, if requested; and it is further

**ORDERED** that Plaintiff and her counsel shall take all reasonable steps to cooperate with Defendant and his counsel in making the relevant physical evidence connected to Ms. Cooper's testimony available for examination, if requested; and it is further

**ORDERED** that all remaining deadlines in the Court's November 18, 2015 Trial Management Order shall remain in force, and the trial of this matter will commence on March 7, 2016, as scheduled.

**SO ORDERED**.

Date:  February 3, 2016                      _____/s/_____
                                             WILMA A. LEWIS
                                             Chief Judge