## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **GLORIA GLAZIER,** )<br>)<br>**Plaintiff,** )<br>**v.** )<br>)<br>**STUART FOX,** )<br>)<br>**Defendant.** )<br>_____) | **Civil Action No. 2014-106** |

**Attorneys:**

**Vincent A. Colianni, II, Esq.,**
St. Croix, U.S.V.I.
 *For Plaintiff*

**Michael A. Joseph, Esq.,**
St. Croix, U.S.V.I.
 *For Plaintiff*

**Andrew C. Simpson, Esq.,**
St. Croix, U.S.V.I.
 *For Defendant*

## <u>MEMORANDUM OPINION AND ORDER</u>

**Lewis, Chief Judge**

 THIS MATTER comes before the Court on "Plaintiff Gloria [Glazier's] *Motion In Limine* to Exclude Photo of Gloria Glazier and Testimony Concerning her 'Sexual Predisposition'" filed on January 19, 2016 (Dkt. No. 50). On January 23, 2016, Defendant Stuart Fox filed "Defendant's Opposition to Motion in Limine (Doc. No. 50) to Exclude Photograph of Plaintiff and Testimony Relating to her Conduct the Night of the Alleged Incident" (Dkt. No. 53). Pursuant to Rule 412 of the Federal Rules of Evidence, the Court scheduled a hearing for February 5, 2016 (the "Hearing"),

to provide the parties an opportunity to present evidence and arguments regarding their respective positions. (Dkt. No. 57).[1]

For the reasons discussed below, Plaintiff's Motion will be granted in part and denied in part. Specifically, the Motion will be granted as it relates to the exclusion of testimony regarding Plaintiff's breasts as "assets," and will be denied as it relates to the photograph of Plaintiff and her alleged conduct on the night of the incident.

## I.     BACKGROUND

The Complaint in this matter was filed in the Superior Court of the Virgin Islands on November 14, 2014, before being removed to this Court on December 12, 2014. (Dkt. No. 1 at 1). In her Complaint, Plaintiff alleges that Defendant sexually assaulted her at the conclusion of a dinner party held at a private residence. (Dkt. No. 1-1 at ¶ 2-6). Specifically, Plaintiff alleges that "[a]s the guests were leaving, [Defendant] suddenly grabbed [Plaintiff], kissed and bit her on the lips, pushed her left arm back behind her head, grabbed her breast, grabbed her crotch and inserted his fingers in her vagina and rectum." (*Id.* at ¶ 6). In contrast, Defendant asserts that Plaintiff aggressively kissed him while she was leaving the dinner party, but that he never sexually assaulted her. (Dkt. No. 52 at 3). Several witnesses were present at the dinner party and allegedly observed the interaction between Plaintiff and Defendant, but they have differing accounts as to what occurred. (*Id.*).

Defendant seeks to introduce evidence at trial that, during the party but prior to the alleged assault, Plaintiff referred to her breasts as "assets" while leaning forward and pulling her dress

---

[1] Pursuant to Rule 412, the Court was prepared to hold the Hearing in camera. However, at the beginning of the Hearing the Court inquired about the parties' positions in this regard because the parties had filed their submissions with the Count on the public record. The parties stated that there was no need to close the courtroom to the public or place the related filings under seal. Accordingly, by agreement of the parties, the Hearing was conducted on the public record.

down to show more cleavage. (*See* Dkt. No. 40 at 7). Defendant also seeks to introduce a photograph of Plaintiff taken during the party that shows Plaintiff from the waist up. (Dkt. No. 52 at 3-4; Dkt. No. 50-1 at 1). Finally, Defendant seeks to introduce testimony that, during the party, Plaintiff engaged in flirtatious behavior with Al Fenner, another guest at the party. (Dkt. No. 52 at 5). Specifically, the testimony will assert that Plaintiff aggressively kissed Mr. Fenner on the mouth "and performed a 'bump and grind' on him." (*Id.*).

Plaintiff argues that all of the above evidence should be excluded under Rule 402 of the Federal Rules of Evidence because it is not relevant. (Dkt. No. 50 at 2-3). Plaintiff notes that, because Defendant's defense is that the sexual assault never occurred (as opposed to arguing that the incident occurred, but was consensual or not offensive), evidence showing that Plaintiff allegedly invited or welcomed the behavior is irrelevant. (*Id.* at 3). Alternatively, Plaintiff argues that, even if the evidence is relevant, it is evidence of Plaintiff's sexual predisposition and therefore must be excluded pursuant to Rule 412. (*Id.* at 4-5).

Defendant contends that the photograph is relevant under Rule 402 because (1) the photograph shows Plaintiff's physical size and condition at the time of the dinner party (Plaintiff alleges she lost 50 pounds since the incident); and (2) the photograph shows the type of dress Plaintiff was wearing the night of the incident, which would help the jury better determine if Defendant could have physically performed the actions that Plaintiff alleges he performed. (Dkt. No. 52 at 4). Defendant further asserts that the testimony regarding Plaintiff's alleged reference to her breasts as "assets" and her alleged flirtatious conduct with Mr. Fenner are relevant to Defendant's theory of the case. (*Id.* at 6). In particular, Defendant plans to argue at trial that Plaintiff is engaged in a "shake down" effort in which she is falsely accusing Defendant in an attempt to obtain money from him, and that she was attempting to set up Mr. Fenner in a similar

manner. (*Id.*). As to all of the evidence, Defendant asserts that Rule 412 is inapplicable because Plaintiff's behavior was public and will not be introduced to establish Plaintiff's sexual predisposition. (*Id.* at 4-5). Alternatively, Defendant argues that the probative value of the evidence substantially outweighs the danger of unfair prejudice. (*Id.* at 7).

## II.   APPLICABLE LEGAL PRINCIPLES

Rule 412 of the Federal Rules of Evidence contains a general prohibition on evidence offered (1) "to prove that a victim engaged in other sexual behavior; or (2) . . . to prove a victim's sexual predisposition." Fed. R. Evid. 412(a). However, this prohibition is not absolute. In a civil case, a court "may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2). The burden is on the proponent of the evidence to show that the exception in Rule 412(b)(2) is applicable. *Wolak v. Spucci*, 217 F.3d 157, 160 (2d Cir. 2000) (noting that Rule 412 reverses "the usual presumption of admissibility set forth in Fed. R. Evid. 403"); *see also E.E.O.C. v. Donohue*, 746 F. Supp. 2d 662, 665 (W.D. Pa. 2010).

The advisory committee notes to the 1994 amendments to Rule 412 state that the "rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." Fed. R. Evid. 412, Advisory Committee's Notes to 1994 Amendments ("Advisory Committee Notes"). In furtherance of these objectives, Rule 412 generally prohibits "evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition, whether offered as substantive evidence or for impeachment, except . . . [where] the probative value of the evidence significantly outweighs possible harm to the victim." *Id.* Even

evidence that "does not directly refer to sexual activities or thoughts" may properly be excluded under Rule 412 where such evidence carries sexual connotations that would contravene Rule 412's objectives of "shielding the alleged victim from potential embarrassment and safeguarding the victim against stereotypical thinking." *Id.* In this regard, evidence of public behavior such as the "alleged victim's mode of dress, speech, or life-style" may be inadmissible under Rule 412. *Id.*; *see also Wolak*, 217 F.3d at 159 (holding that Rule 412 prohibited evidence that plaintiff was present at party at which pornographic videos were shown).

While often used in criminal cases involving sexual assault and rape, the prohibition in Rule 412 also applies "in any civil case in which a person claims to be the victim of sexual misconduct, such as actions for sexual battery or sexual harassment." Advisory Committee Notes. In the sexual harassment context, courts generally find that the alleged victim's sexual activity outside of the workplace is prohibited due to its low probative value while such activity at work is generally deemed to be more relevant. *See Wolak*, 217 F.3d at 159; *Rodriguez-Hernandez v. Miranda-Velez*, 132 F.3d 848, 856 (1st Cir. 1998) (holding that evidence concerning plaintiff's marital status of her boyfriend was inadmissible under Rule 412, but evidence concerning plaintiff's allegedly flirtatious behavior toward the accused harasser was admissible to determine welcomeness).

Under Rule 402, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

### III.    ANALYSIS

#### A.    Applicability of Rule 412

As a threshold matter, Defendant suggests that none of the challenged evidence implicates Rule 412 because: (1) the evidence relates to public events that occurred at a dinner party as opposed to "intimate details" of Plaintiff's life; and (2) the evidence is not offered to prove Plaintiff's sexual predisposition. As discussed below, the Court disagrees and finds that all of the challenged evidence triggers the analysis required under Rule 412.

As to Defendant's first argument, neither the case law nor the Advisory Committee Notes support the proposition that Rule 412 is inapplicable to public behavior. The Advisory Committee Notes indicate that Rule 412's general prohibition is intended to exclude evidence that would "contravene Rule 412's objectives of shielding the alleged victim from potential embarrassment and safeguarding the victim against *stereotypical thinking*." Advisory Committee Notes (emphasis added). In this vein, the Advisory Committee Notes expressly state that "evidence such as that relating to the alleged victim's mode of dress, speech, or life-style will not be admissible" unless such evidence qualifies for the exception in Rule 412(b)(2). *Id.* Evidence that raises concerns of stereotypical thinking or relates to an alleged victim's mode of dress, speech, or lifestyle easily encompasses evidence based on public behavior.[2]

---

[2] Defendant cites cases and an excerpt of the Advisory Committee Notes stating that Rule 412 "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details." *Wilson v. City of Des Moines*, 442 F.3d 637, 643-44 (8th Cir. 2006) (quoting the Advisory Committee Notes) (quotations omitted). However, relying on this provision to exclude only evidence that would reveal "intimate sexual details" improperly restricts Rule 412 in light of the other Advisory Committee Notes and the weight of cases applying Rule 412 to workplace conduct. Moreover, the Eighth Circuit in *Wilson* actually held that "the district court erred in mischaracterizing [the] evidence as non-Rule 412 evidence in the first instance," before ultimately finding that the evidence was properly admitted because its probative value "substantially outweighed any unfair

Moreover, in the sexual harassment context, the issue sometimes arises as to whether the alleged victim's conduct *in the workplace* is admissible under Rule 412. *See, e.g.*, *Rodriguez-Hernandez*, 132 F.3d at 856; *Joseph v. Access Data Corp.*, No. CIV.A. 07-260, 2008 WL 2095200, at *16-17 (W.D. Pa. May 16, 2008); *Socks-Brunot v. Hirschvogel Inc.*, 184 F.R.D. 113, 121 (S.D. Ohio 1999); *see also Wolak*, 217 F.3d at 159 (evidence that plaintiff was present at party at which pornographic videos were shown inadmissible under Rule 412). Just as Rule 412 may be implicated by an employee's public conduct during work, Rule 412 may also be implicated by an individual's public conduct during a dinner party.

As to Defendant's second argument, Defendant asserts that the evidence is not being offered to prove Plaintiff's sexual predisposition and therefore does not implicate Rule 412. The protections of Rule 412, however, are not so easily avoided. As a preliminary matter, the fact that the proponent of the evidence claims that the evidence is not offered to prove sexual predisposition or sexual behavior is not dispositive. *See Wolak*, 217 F.3d at 160 (rejecting defendant's argument that the challenged evidence did not implicate Rule 412 because "there were no questions about [plaintiff's] sexual behavior or predisposition"). Further, Rule 412 is triggered not only when evidence is offered to prove sexual predisposition but also when it goes to prove sexual behavior. Fed. R. Evid. 412(a). The Advisory Committee Notes establish that "sexual predisposition" and "sexual behavior" are broad terms that include "fantasies or dreams," "use of contraceptives," the "birth of an illegitimate child," and evidence that "may have a sexual connotation for the factfinder" even if such evidence "does not directly refer to sexual activities or thoughts." Advisory Committee Notes.

---

prejudice that it might have produced." *Id.* at 643-44. Thus, the fact that the disputed evidence is public does not necessarily exclude the evidence from the applicability of Rule 412.

In this case of alleged sexual assault, Defendant maintains that Plaintiff referred to her breasts as "assets," and performed a "bump and grind" movement on another male at the party. In this context, the Court finds inescapable the conclusion that the challenged evidence—Plaintiff's mode of dress; her alleged flirtatious behavior with another man; and an alleged reference to Plaintiff's breasts—involves sexual behavior, or at a minimum, "may have a sexual connotation for the factfinder." Advisory Committee Notes. Accordingly, the challenged evidence implicates Rule 412, and Defendant's contention to the contrary is rejected.

**B.     Rule 412's Balancing Test**

The challenged evidence can be grouped into the following three categories: (1) the photograph of Plaintiff at the party; (2) the testimony regarding Plaintiff's alleged flirtatious conduct with Mr. Fenner; and (3) the testimony regarding Plaintiff's alleged reference to her breasts as "assets." As discussed below, the first and second categories of evidence will be admitted and the third category excluded. The Court will address each category separately.

**1.     The photograph of Plaintiff**

The photograph of Plaintiff at the party depicts her wearing a low-cut dress that reveals some of her cleavage. Although the photograph triggers Rule 412, the Court finds that its probative value substantially outweighs any danger of unfair prejudice. Thus, the Court concludes that the photograph is excepted from Rule 412's general prohibition.

Looking first to the danger of unfair prejudice, at the Hearing Plaintiff argued that—based on the low-cut dress Plaintiff is wearing in the photograph—there is a considerable risk that the jury will characterize Plaintiff as a "floozy" who was welcoming sexual advances from men at the party. Although the Court agrees that there may be some risk that jurors may draw a less than flattering conclusion from the style of the dress, the Court concludes that the danger of harm or unfair prejudice that such a conclusion would present is relatively low. The photograph does not

8

depict Plaintiff engaging in any type of suggestive or inappropriate behavior, and, although it reveals some cleavage, the dress is not scandalous or socially unacceptable.

While the danger of harm or unfair prejudice is relatively low, the Court finds the probative value of the photograph to be high, as it represents—according to the parties—the only available depiction of Plaintiff's physical size and condition at the time of the alleged assault. Since the alleged assault, Plaintiff has reportedly lost a significant amount of weight. (*See* Dkt. No. 1-1 at ¶ 9 (alleging that Plaintiff lost 50 pounds after the alleged assault)). Defendant noted at the Hearing that since losing so much weight, Plaintiff now appears "frail," and based on her current physical condition jurors may assume that she could have been overpowered by Defendant during the alleged assault.[3] The Court agrees that the Plaintiff's physical size and condition are highly relevant in view of the allegations that she has made.

The crux of this case is whether the alleged assault actually took place. Plaintiff claims that during the alleged assault Defendant, who was 91 years old at the time (Dkt. No. 51 at 1), overpowered her attempts to escape.[4] Therefore, it is reasonable to conclude that, in assessing

---

[3] Defendant also argues that the photograph allows the jury to see the type of dress Plaintiff was wearing at the dinner party and to better determine whether Defendant could have "accomplished what [P]laintiff alleges: simultaneously penetrating the [P]laintiff's vagina and rectum with his fingers (from behind) while grabbing her breasts with his other hand." (Dkt. No. 52 at 4). The Court finds this argument wholly unpersuasive. The photograph does not depict the dress below Plaintiff's waist. Moreover, if Defendant believes that the style of the dress bears on the issue of whether the assault as alleged was possible, the Court finds that Defendant can seek to introduce relevant, admissible evidence regarding the dress through oral testimony. Accordingly, the Court concludes that the probative value and necessity of the photograph for the purpose of determining whether Defendant could have accomplished the alleged assault is low.

[4] Plaintiff details the alleged assault in her deposition and notes several times that she tried to get away from Defendant but was unable to do so. (Dkt. No. 52 at 2 ("I was choking, and I was trying to get away from him as he was pulling me with his left hand. . . . I couldn't get away from him. He was close to me at that time. So I got my arm up and I'm trying to push him away. And he took his hand, pushed his arm straight up and then I went, going back . . . . And he was pulling at the same time with his left hand, so I was being contorted.")).

whether it is more likely than not that the alleged assault occurred, the relative physical size and condition of Defendant and Plaintiff at the time of the incident would be highly relevant. While Plaintiff argued at the Hearing that testimony regarding Plaintiff's weight loss could be offered instead of the photograph, the Court finds that such testimony would be significantly less compelling than the photograph. As counsel for Plaintiff conceded at the Hearing, "a picture is worth a thousand words," and the challenged photograph is currently the only available depiction of Plaintiff's physical size and condition on the night of the alleged assault.[5]

In view of the foregoing, the Court finds that the photograph's "probative value substantially outweighs the danger of harm . . . [or] unfair prejudice."[6] Accordingly, the photograph is admissible under Rule 412.

### 2.    Plaintiff's alleged flirtatious conduct with Mr. Fenner

The Court reaches the same conclusion for the testimony alleging that Plaintiff engaged in flirtatious conduct with Mr. Fenner. Defendant seeks to present testimony from two witnesses who allegedly saw Plaintiff walk up to Mr. Fenner during the party, put her arms around him, kiss him on the mouth, and perform a "bump and grind" in which she grinded her hips against him. (Dkt. No 40 at 4, 6). Plaintiff argues that this testimony is highly prejudicial and irrelevant to whether Defendant sexually assaulted her. Plaintiff asserts that the jury may wrongly infer from the fact

---

[5] Plaintiff suggested that the parties could stipulate to another picture depicting Plaintiff's physical size and condition around the time of the alleged assault, thereby avoiding the alleged prejudice of the challenged photograph. However, the parties have offered nothing further in that regard.

[6] This finding also disposes of Plaintiff's argument that the photograph is prohibited under Rule 402 because it is not relevant. Evidence is relevant if it "has any tendency to make a fact more or less probable . . . [and] the fact is of consequence in determining the action." Fed. R. Evid. 401. The depiction of Plaintiff's physical size and condition on the night of the incident is relevant because it bears on the question of the actual occurrence of the assault—the occurrence or non-occurrence of which is the key issue in this action. Thus, the photograph is admissible under Rule 402.

that she was allegedly dancing and flirting with another gentleman at the party that she somehow invited or welcomed the alleged assault. Plaintiff further argues that because Defendant's defense is that the sexual assault never occurred, the probative value of this testimony is "nil" as even the implication that she welcomed advances from Defendant is irrelevant to Defendant's case. (*See* Dkt. No. 50 at 3).

The Court acknowledges that evidence of Plaintiff's conduct with Mr. Fenner raises a specter of harm or unfair prejudice, but finds that the probative value of such evidence is very high. Although Defendant maintains that the sexual assault never occurred, Plaintiff's conduct with Mr. Fenner is nevertheless very probative of Defendant's theory that Plaintiff was engaged in a "shake down" effort in which she was targeting elderly gentlemen at the party. Defendant plans to testify at trial that "[P]laintiff aggressively kissed him and did a 'bump and grind' in his crotch." (Dkt. No. 52 at 6). At least one other witness allegedly saw Plaintiff walk up to Defendant, put her arms around him, kiss him on the mouth, and conduct a "bump and grind." (Dkt. No. 40 at 3). This alleged conduct with Defendant is practically identical to what Plaintiff allegedly did earlier with Mr. Fenner. According to one witness, Plaintiff walked over to Mr. Fenner, "grabbed him, kissed him right on the mouth, and did a little . . . bump-and-grind on him." (*Id.* at 4). The similarity of Plaintiff's alleged conduct with Mr. Fenner and with Defendant is highly relevant to Defendant's shake-down theory:

> Defendant first tried to make [Mr.] Fenner the victim of her shake down. She did not get much of a response from [Mr.] Fenner so she moved on to [D]efendant. When [D]efendant responded to [P]laintiff's bump and grind followed with a kiss by hugging her and kissing back, [P]laintiff felt that she had set him up sufficiently.

(Dkt. No. 52 at 6).

As noted by the Sixth Circuit in *Kessler v. Riccardi*, 363 F. App'x 350 (6th Cir. 2010), evidence may escape Rule 412's general prohibition if it is highly relevant to a defendant's

defense. *Id.*at 358. In *Kessler*, the Sixth Circuit held that testimony regarding what an alleged victim of sexual harassment shared with the defendant about her prior sexual relationships was admissible under Rule 412. *Id.* The Sixth Circuit found that the challenged testimony was probative of the defendant's defense that he and the alleged victim were engaged in a consensual, intimate relationship in which the alleged victim would have disclosed such personal details: "We cannot say that the district court exceeded its discretion in determining that the probative value of evidence going to the linchpin of [the supervisor's] defense substantially outweighed the potential for unfair prejudice to [the alleged victim]." *Id.*

As in *Kessler*, the challenged evidence regarding Plaintiff's alleged conduct with Mr. Fenner goes to the "linchpin" of Defendant's defense. Evidence that Plaintiff instigated a kiss and "bump and grind" with Mr. Fenner before instigating a similar kiss and "bump and grind" with Defendant bears directly on Defendant's theory of a "shake down." This is especially so where, as here, the facts underlying the challenged evidence (Plaintiff's alleged conduct with Mr. Fenner) occurred at the same event and within the same general timeframe as the incident at issue (Defendant's alleged assault of Plaintiff). Thus, the evidence of Plaintiff's alleged conduct with Mr. Fenner is highly probative of Defendant's defense.

In sum, the Court concludes that the probative value of the challenged evidence substantially outweighs any danger of harm or unfair prejudice.[7] Thus, the Court finds that

---

[7] As with the Court's ruling regarding the photograph, the Court's finding regarding the alleged conduct with Mr. Fenner necessarily disposes of Plaintiff's argument that this evidence is inadmissible under Rule 402. Testimony regarding Plaintiff's alleged conduct with Mr. Fenner bears directly on Defendant's assertion that Plaintiff was trying to "shake down" elderly men, and this assertion "is of consequence in determining the action." Fed. R. Evid. 401. Thus, the photograph is admissible under Rule 402.

evidence regarding Plaintiff's alleged initiation of a kiss and a "bump and grind" with Mr. Fenner is admissible under Rule 412.

### 3.    Plaintiff's alleged reference to her breasts as "assets"

The Court reaches a different conclusion as to the testimony regarding Plaintiff's alleged reference to her breasts as "assets." Defendant seeks to introduce testimony from two witnesses that, at some point during the night, Plaintiff made a comment about her "assets" and then "[l]eaned forward at the table and pulled her dress down a bit to show more cleavage." (Dkt. No. 40 at 7). Defendant again argues that this evidence is relevant to Defendant's theory that Plaintiff was engaged in a "shake down" effort. Specifically, at the Hearing Defendant suggested that Plaintiff's alleged comment about her breasts shows that Plaintiff perceived her breasts as a way to make money, which would comport with Defendant's theory that Plaintiff was attempting to falsely accuse older men of sexual assault in order to obtain money.

While the Court acknowledges that Plaintiff's alleged reference to her breasts as "assets" may be relevant to the defense, it nevertheless concludes that the probative value of this reference does *not* substantially outweigh the risk of unfair prejudice. Evidence relating to Plaintiff's alleged reference presents a significant risk that the jury would draw inferences regarding Plaintiff's sexual predisposition. Moreover, unlike the photograph or the alleged conduct with Mr. Fenner, the Court finds that the probative value of Plaintiff's reference to her breasts as "assets" is low, given that such an alleged reference is only loosely connected to Defendant's theory of the defense and to the crux of the alleged assault. Accordingly, the Court finds that Defendant has failed to meet its burden to show that the probative value of the challenged evidence substantially outweighs the danger of harm or unfair prejudice. *Cf. E.E.O.C.*, 746 F. Supp. 2d at 665 (noting that under Rule 412 "the burden of persuasion is reversed and placed on the proponent of the evidence to show its admissibility").

13

In view of the foregoing, the evidence regarding Plaintiff's alleged reference to her breasts as "assets" is inadmissible under Rule 412.

## IV.   CONCLUSION

The Court finds that, although the challenged evidence implicates Rule 412, the probative value of the photograph and the evidence regarding Plaintiff's alleged flirtatious behavior with Mr. Fenner substantially outweighs any danger of harm or unfair prejudice. Conversely, the Court finds that the probative value of Plaintiff's alleged reference to her breasts as "assets" does not substantially outweigh the danger of harm or unfair prejudice. The Court therefore concludes that the photograph and the evidence of Plaintiff's alleged flirtatious behavior with Mr. Fenner are admissible under Rule 412, and the evidence regarding Plaintiff's alleged reference to her breasts as "assets" is inadmissible.

Accordingly, it is hereby

**ORDERED** that Plaintiff's "*Motion In Limine* to Exclude Photo of Gloria Glazier and Testimony Concerning her 'Sexual Predisposition'" is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that the photograph of Plaintiff referenced at Dkt. No. 50-1 at 1 is admissible under Rule 412; and it is further

**ORDERED** that evidence regarding the allegation that Plaintiff grabbed Mr. Fenner, kissed him on the mouth, and performed a "bump-and-grind" on him is admissible under Rule 412; and it is further

**ORDERED** that evidence regarding Plaintiff's alleged reference to her breasts as "assets"

is inadmissible under Rule 412.

**SO ORDERED.**

Date:  March 2, 2016

_____/s/_____
WILMA A. LEWIS
Chief Judge